UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SANDRA CURRIER,

         Plaintiff,

v.

         Case No. 21-cv-419-pp

LAWGIX LAWYERS LLC,

         Defendant.

---

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, TO STAY MOTION FOR SUMMARY JUDGMENT UNTIL AFTER THE COURT RULES ON PENDING MOTION TO REMAND (DKT. NO. 20) AND STAYING SUMMARY JUDGMENT BRIEFING SCHEDULE**

---

      On April 2, 2021, the defendant removed this Fair Debt Collection Practices Act case from state to federal court. Dkt. No. 1. On September 8, 2021, the plaintiff moved to remand the case for lack of subject-matter jurisdiction. Dkt. No. 11. The plaintiff filed that motion eight months before the summary judgment deadline of May 18, 2022, set in the court's June 3, 2021 scheduling order (Dkt. No. 10). The parties briefed the motion for remand; it has been fully briefed since November 12, 2021. The court, however, did not promptly rule on the fully-briefed motion.

      On December 13, 2021—a month after the remand motion was fully briefed and five months before the summary judgment deadline—the defendant filed a motion for summary judgment. Dkt. No. 17. Under this court's local rules, the plaintiff's opposition brief and supporting materials were due within

1

thirty days—that is, by January 12, 2022 or thereabouts. Civil Local Rule 56(b)(2) (E.D. Wis.).

On January 11, 2022, the plaintiff filed a motion asking the court either to deny the defendant's summary judgment motion or to "stay" the motion until thirty days after the court had decided the motion for remand. Dkt. No. 20. This makes sense—the motion for remand asserts that the court does not have subject-matter jurisdiction; if the court agreed, it would have no jurisdiction to decide the summary judgment motion. The motion cited Federal Rule of Civil Procedure 56(d), which provides that if a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition to a summary judgment motion, the court may defer considering the motion, deny it, give the party time to obtain the facts or issue any other appropriate order. Id. at 1.

The defendant did not respond to this motion. Instead, it filed a reply brief in support of its summary judgment motion. Dkt. No. 23. The defendant asserted that the court should treat the plaintiff's motion as a substantive response to the defendant's summary judgment motion, find that the plaintiff had not satisfied the Rule 56(d) standard and grant its summary judgment motion. Id. at 1. Specifically, the defendant asserted that the pending motion for remand did not provide grounds for delaying discovery or responding to pending motions. Id. at 3. It accused the plaintiff of lack of diligence. Id. at 4.

The court concedes that Rule 56(d) was not the proper vehicle for the plaintiff's motion to stay the summary judgment briefing schedule. That rule

allows a court to give a plaintiff who doesn't have sufficient facts to respond to a summary judgment additional time to collect those facts if it believes it appropriate to do so. The plaintiff is not asking for time to collect facts to respond to the summary judgment motion. She is asking to be relieved of the obligation to respond to the motion until the court decides whether it has subject-matter jurisdiction to hear the case.

Though she cited the wrong rule, however, the basis for the plaintiff's request is sound; the defendant's response is not. The court has ruled on the plaintiff's motion for remand. Dkt. No. 29. It has concluded that the plaintiff has not alleged a concrete injury in fact sufficient to confer Article III standing. That means the court *does not have subject-matter jurisdiction.* It cannot rule on the substantive merits of the summary judgment motion. It could do nothing other than remand the case to state court. The court also has concluded that the defendant had no objectively reasonable basis for removing the case to federal court, given the numerous cases in which the Seventh Circuit has held that allegations like the plaintiff's do not assert concrete injuries sufficient to confer Article III standing.

There is no point in the plaintiff responding to a motion for summary judgment that this court does not have jurisdiction to decide. Because the court does not have subject-matter jurisdiction, it *cannot* deny the summary judgment motion. It can, however, relieve the plaintiff of the obligation of responding to the motion, which it will do.

3

Case 2:21-cv-00419-PP   Filed 08/12/22   Page 3 of 4   Document 30

The court **GRANTS IN PART** the plaintiff's motion to deny defendant's motion for summary judgment or alternatively, to stay the motion for summary judgment until 30 days after the court rules on the pending motion to remand. Dkt. No. 20.

The court **ORDERS** that the briefing schedule required by Civil L.R. 56 for summary judgment motions is **SUSPENDED**.

The court **ORDERS** that the plaintiff is not required to respond to the motion for summary judgment at Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 12th day of August, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Court**