SANDRA CURRIER,

        Plaintiff,

v.

        Case No. 21-cv-419-pp

LAWGIX LAWYERS, LLC,

        Defendant.

**ORDER GRANTING PLAINTIFF'S REQUEST FOR FEE AWARD
(DKT. NOS. 31, 33)**

On August 12, 2022, the court granted the plaintiff's motion to remand the case to state court, concluding that the court lacked subject matter jurisdiction. Dkt. No. 29. The court also granted the plaintiff's 28 U.S.C. §1447(c) motion for an award of costs and fees incurred as a result of the defendant's improper removal. Id. at 22. The court gave the plaintiff a deadline by which to file an accounting of the costs and attorneys' fees incurred as a result of the removal. Id. On August 26, 2022, Shpetim Ademi, managing partner of the plaintiff's counsel's firm, filed an affidavit in support of an award for attorneys' fees along with a chart listing the attorneys who worked on the motion to remand, their respective hourly rates and the total time each attorney worked on the motion. Dkt. Nos. 31, 31-1. Attached to the affidavit is an exhibit depicting the attorneys' career backgrounds and the firm's representations in various class actions. Dkt. No. 31-2. The defendant

1

objected, requesting that the court reject or, in its discretion, reduce the amount of fees sought by the plaintiff. Dkt. No. 32. Ademi then filed a supplemental affidavit in support of the award of attorneys' fees. Dkt No. 33. The supplemental affidavit provides additional support for the fee request, including descriptions of tasks, amounts of time worked and billing rates. Dkt. No. 33-1.

On September 16, 2022, the court ordered that if the defendant wished to do so, it must file an objection to the supplemental affidavit no later than September 23, 2022. Dkt. No. 34. The defendant did not file an objection. The court will grant the request for attorneys' fees.

## I. Background

In his original affidavit, Ademi avers that plaintiff's counsel expended 23.8 hours of work, totaling $12,067.50 in attorney's fees in connection with the motion to remand. Dkt. No. 31 at ¶3. Counsel avers that the plaintiff incurred no costs in connection with the motion. Id. at ¶5. Attached to the affidavit is an exhibit depicting the number of hours each attorney worked on the motion and their respective hourly rates. Dkt. No. 31-1. Ademi avers that these hourly rates have been accepted by several courts, including in the Eastern District of Wisconsin, and that they are within the prevailing range of class action attorneys practicing in Wisconsin and throughout the United States. Dkt. No. 31 at ¶7.

In its objection to this affidavit, the defendant argued that the plaintiff had failed to provide sufficient information to justify the fee award. Dkt. No. 32

at 1. The defendant asserted that counsel had not provided details of the tasks performed by each attorney. Id. The defendant contended that the failure to provide dates, hours worked on each date and a description of the work performed did not comply with the Seventh Circuit's minimum requirements for fee applications. Id. at 2. The defendant argued that because the plaintiff's documentation of hours worked was inadequate, the court should deny the plaintiff's request or reduce the amount of fees requested. Id. at 3.

Before the court had ruled on the defendant's objections, Ademi filed a supplemental affidavit. Dkt. No. 33. The supplemental affidavit avers that plaintiff's counsel expended 23.8 hours of work, totaling $12,067.50, in connection with the motion to remand. Id. at 1. The supplemental affidavit includes the plaintiff's attorneys' billing entries with a description of the tasks, the hours worked, the hourly rate and the total amount incurred. Dkt. No. 33-1.

**II.     Legal Standards**

After remanding a case to state court, a district court retains jurisdiction to decide fee awards. PNC Bank, N.A. v. Spencer, 763 F.3d 650, 654 (7th Cir. 2014) (citations omitted). Section 1447(c) allows a court to order attorneys' fees incurred as a result of a removal. The Supreme Court has held, however, that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The court found it its August 12, 2022 order of remand that it was

3

objectively unreasonable for the defendant to remove this case to federal court. Dkt. No. 29 at 22.

Generally, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (superseded by statute on other grounds). This is known as the "lodestar" method, in which "[t]he party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 550 (7th Cir. 1999). The Seventh Circuit has explained, however, that §1447(c) is an unusual fee-shifting statute because it "expressly limits fee awards to actual outlays—specifically, to 'any *actual* expenses, including attorney fees, *incurred*' (emphasis added)." Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 367 (7th Cir. 2000) (quoting 28 U.S.C. §1447(c)). That said, "[t]he goal of fee-shifting is 'to do rough justice, not to achieve auditing perfection." Countryside Bank v. Sheikh, 853 F. App'x 3, 6 (7th Cir. 2021) (quoting Fox v. Vice, 563 U.S. 826, 838 (2011)).

**III. Analysis**

The plaintiff seeks a total of $12,067.50 in fees for 23.8 hours of work. The court begins by reviewing the reasonableness of the hourly rates. The four attorneys who worked on the motion to remand (three associates and one "of counsel") have billing rates ranging from $425 per hour to $550 per hour. Dkt. No. 33-1 at 2. Ademi avers that the firm's hourly rates are within the range of

4

fees charged by class action attorneys practicing in Wisconsin and throughout the United States. Dkt. No. 31 at ¶7. Ademi avers that these rates have been approved by several courts, including courts in this district issuing recent decisions. Id. The defendant does not object to these rates and the court concludes that the hourly rates are presumptively reasonable.

Next, the court reviews the number of hours worked on the motion to remand. While the chart attached to the original affidavit included only the number of hours worked by each attorney and the attorneys' respective billing rates, dkt. no. 31-1, the chart attached to the supplemental affidavit provides more details, dkt. no. 33-1. That chart is broken down by the work each attorney performed. Id. For each attorney, the chart includes a description of each task the attorney completed, the amount of time worked on each task, the attorney's billing rate and the dollar amount incurred. Id. The billing covers a period of over four months—from April 8, 2021 to August 12, 2021. Id. at 1. Much of the work relates to drafting pleadings some of which was done by more senior counsel but most of which was done by an associate. The tasks described in the chart correlate with pleadings filed in this court.

The defendant has not objected to the supplemental affidavit and has not given the court any basis to find that the plaintiff should not be awarded the total amount of fees incurred in responding to the removal action. The court concludes that the tasks depicted in the supplemental affidavit all relate to the improper removal and motion to remand. The court will grant the plaintiff's request.

5

The court **GRANTS** the plaintiff's request for attorneys' fees and **AWARDS** the plaintiff $12,067.50. Dkt. Nos. 31, 33.

Dated in Milwaukee, Wisconsin this 20th day of October, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**
